## Columbus State Bank v. Crane Company.

Filed October 5, 1898. No. 8277.

Trial: Abandonment of Count: Submission of Issues. During a trial a plaintiff whose petition was drawn in two counts stated that he abandoned the second count except in so far as averments in that count might be necessary to complete the cause of action stated in the first count. *Held,* That it was error for the court thereafter to submit to the jury the determination of an issue relevant only to the second count.

Error from the district court of Platte county. Tried below before Sullivan, J. *Reversed.*

*Whitmoyer & Gondring,* for plaintiff in error.

*O'Neill & Gilbert* and *McAllister & Cornelius, contra.*

Irvine, C.

Brandt & Fleming, prior to October 4, 1889, were erecting a hotel in Columbus. Charles Schroeder performed the plumbing work therefor, purchasing material from the Crane Bros. Manufacturing Company. Brandt & Fleming being indebted to Schroeder and the latter to Crane Bros. Manufacturing Company, Schroeder made what in the pleadings is styled an order, but what is in legal effect a demand bill of exchange, on Brandt & Fleming for $300, payable to the order of Crane Bros. Manufacturing Company. November 22 that company sent the draft to the Columbus State Bank, accompanied by a letter of instructions somewhat equivocal in its terms. It certainly constituted the bank an agent to procure acceptance, and in the light of circumstances it is equally clear that the bank was expected and assumed to exercise the duties of a collecting agent. The bank received the draft about November 23, but did not procure its acceptance until December 9. Previously Schroeder had perfected a mechanic's lien securing his entire

claim against Brandt & Fleming. December 9 he assigned this lien to the bank. Schroeder was then indebted to the bank on a note for $1,000 and on three notes for $150 each. The bank foreclosed the lien and realized its full amount. After deducting the expense of foreclosing there remained in its hands $1,001.92. The Crane Company, which had in the meantime succeeded to the rights of the Crane Bros. Manufacturing Company, brought the present action against the bank. Its petition was drawn in two counts. The first alleged the drawing of the bill and that it operated as an assignment of so much of the debt from Brandt & Fleming to Schroeder; that the bill had been sent to the bank and had been by Brandt & Fleming accepted; that the bank, while acting as the agent of plaintiff, had taken the assignment of the lien with knowledge that $300 of the debt secured thereby had been already assigned to plaintiff; that it had collected the lien in full and refused to account to plaintiff. The second count charged that at the time of the assignment and in consideration thereof the bank had agreed with Schroeder to collect the lien, apply its proceeds to the payment of the three notes of $150, and the surplus to the payment of plaintiff, thus excluding the note for $1,000 or subordinating it to plaintiff's claim. The bill of exceptions shows that during the trial, and while the defendant was adducing its evidence, the plaintiff "abandons its second cause of action except in so far as any allegations contained in the second cause of action may be necessary to complete the first cause of action set out in the petition."

The court, among other things, instructed the jury as follows: "It is claimed by plaintiff that the bank took said assignment under an agreement with Charles Schroeder that it should be first held as security for three acceptances of $150 each owned by the bank and drawn by Brandt & Fleming in favor of Schroeder, and that after said acceptances were paid it should stand as security for the order in suit. If this claim is established

by the evidence, the plaintiff is entitled to recover, and you should find in its favor." The jury found for the plaintiff. We think, in view of what occurred at the trial, that this instruction was erroneous. While the plaintiff should have dismissed its second cause of action if it desired to abandon it, or else amended its petition so as to omit any averments it sought to abandon, the statement made at the trial should be treated as if such course had been pursued. It was notice that nothing was claimed under the second count, and the defendant was justified in thereafter ignoring all evidence directed to that count. Plaintiff now claims that while it abandoned the second count as a separate cause of action it reserved the averments founding the instruction. The reservation was only of such averments in the second count as might be necessary to complete the cause of action stated in the first count. The first count undertook to charge the bank because of breach of duty as plaintiff's collecting agent, to create a sort of involuntary or constructive trust because of the bank's undertaking to derive a benefit to itself in disregard of its duties as agent. The second count was based on the theory of an express trust, involving no bad faith. The instruction submitted the theory of the express trust, the phase of the case embodied in the second count which had been abandoned. The averments on which the instruction rested related only to this theory and in nowise tended to complement the first count, which was not based on any such theory.

REVERSED AND REMANDED.

SULLIVAN, J., not sitting.